```
                    UNITED STATES DISTRICT COURT

                   CENTRAL DISTRICT OF CALIFORNIA


AMY PRIEN,                      )  2:05-cv-06977-RSWL-E
                                )
          Plaintiff,            )
                                )  ORDER DISMISSING ACTION
     vs.                        )  Under Fed. R. Civ. P.
                                )  41(b)
                                )
GROVER TRASK, RANDALL           )
TAGAMI, RON E. COFFEE,          )
KEVIN RUDDY, MICHELE DONNA      )
LEVINE, ALLISON NELSON,         )
LARRY SMITH, BOB DOYLE,         )
JOSEPH I. COHEN, CHARLES        )
WILHITE, JOHN WYATT, BRYAN      )
APPELHOF, WYLAND PEAK, BILL     )
DAVIES, LEE COFFEY, and ten     )
unknown named persons,          )
                                )
                                )
          Defendants.           )
                                )
                                )
                                )
```

The Court is in receipt of Plaintiff's Response [52] to the Court's Order to Show Cause [48], which required Plaintiff to show cause as to why this Action should not be dismissed for Plaintiff's failure to prosecute her claims.

Having reviewed all papers pertaining to the Order to Show Cause [48] and Plaintiff's Response [52], the Court **DISMISSES** this Action with prejudice under Rule 41(b) due to Plaintiff's unreasonable failure to prosecute this Action and repeated noncompliance with Court orders.  Fed. R. Civ. P. 41(b).

## I. BACKGROUND

Plaintiff Amy Prien ("Plaintiff") brought this Action [1] in September 2005.  On April 26, 2006, the Court issued a stay [38] of the case until the conclusion of Plaintiff's related criminal prosecution. In the Order Staying Case [38], the Court ordered the parties "to report to the court the occurrences of that event fourteen days thereof and the status of the action."  On July 17, 2006, the Court issued an Order [39] removing the case from the Court's active caseload and ordering only Plaintiff to "file semi-annual status reports commencing on September 1, 2006."

On September 1, 2006, Defendants filed a Status Report [40], but Plaintiff did not.  Plaintiff has since continued to disobey the Court's Order [39] by failing to file even a single status report.

On November 7, 2006, Plaintiff filed a Request to Lift Stay [42], which was denied [44] on November 27, 2006, because Plaintiff's criminal prosecution had not yet concluded due to Plaintiff's pending direct appeal of her criminal conviction.  Plaintiff's Request to Lift Stay, filed in November 2006, was the last action

taken by Plaintiff until Plaintiff's April 22, 2015, Request [49] for an extension of time to respond to the Order to Show Cause.

On February 17, 2015, the Court issued an Order [46] requiring the parties to file a status report by March 9, 2015.  The Order [46] clearly stated that "[f]ailure to comply with this order may result in the dismissal of this action and/or sanctions."

On March 9, 2015, Defendants filed a timely Status Report [47].  Plaintiff did not file anything by the deadline, thereby violating a third Court order. Defendants' Status Report [47] informed the Court that Plaintiff's criminal prosecution became final on September 27, 2007.[1]  Ferguson Decl. ¶ 8, Ex. 1.

On April 17, 2015, the Court issued an Order to Show Cause re: Dismissal [48], requiring Plaintiff to show cause in writing by April 24, 2015, why this Action should not be dismissed for Plaintiff's lack of prosecution.  On April 22, 2015, Plaintiff responded [49] with a request for an extension of time to respond to the Order to Show Cause.  The Court granted [50] Plaintiff's request, ordering Plaintiff to respond by June 1, 2015.  On May 18, 2015, Plaintiff filed a Response [52] to the Order to Show Cause.

---

[1] Defendants' Status Report also asked the Court to issue an Order to Show Cause re: Dismissal for Plaintiff's failure to comply with the Court's Order [39] requiring Plaintiff to file semi-annual status reports beginning September 1, 2006.  Ferguson Decl. ¶ 11.

Rather than "show cause" as to why Plaintiff's egregious lack of prosecution should not result in the dismissal of this Action, Plaintiff's Response [52], instead, blames the Court for Plaintiff's seven-plus years of silence.  Pl.'s Resp. to OSC ("Pl.'s Resp.") 2:11-15, ECF No. 52 (stating that after Plaintiff's filing in November 2006, "[t]hereafter and for over eight years[,] the Court took no action in this case").

Plaintiff argues that her case should not be dismissed because this Action "is and always has been a viable action" and "was made inactive over plaintiff's objection and then placed on the Court's inactive case list," and because "[n]either the Court nor defendants have been prejudiced by the delay, although plaintiff has been prejudiced."[2]  Pl.'s Resp. 2:17-24.  Finally, Plaintiff concludes that "there is no basis on which to dismiss the action."  Id.

## II. DISCUSSION

**A.   Legal Standard**

Rule 41(b) of the Federal Rules of Civil Procedure authorizes a district court to dismiss an action with prejudice for failure to prosecute or failure to comply with any order of the court.  Fed. R. Civ. P. 41(b).  However, to dismiss an action under Rule 41(b), the Ninth Circuit requires a district court to determine that the following five factors weigh in favor of

---

[2] Plaintiff does not explain how she has been prejudiced by her own failure to prosecute her own case.

4

dismissal:

(1) the public's interest in expeditious resolution of litigation;

(2) the court's need to manage its docket;

(3) the risk of prejudice to defendants/respondents;

(4) the availability of less drastic alternatives; and

(5) the public policy favoring disposition of cases on their merits.

Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002); see Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1999).

**B.  Analysis**

Plaintiff's Response [52] fails to show sufficient cause as to why this Action should not be dismissed. Plaintiff gives no explanation or excuse for why Plaintiff failed to prosecute this Action for over seven years after the conclusion of her criminal prosecution or why Plaintiff egregiously disobeyed three Court Orders [38, 39, 46].

Upon consideration of the five factors, as discussed below, the Court finds it appropriate to dismiss this Action under Rule 41(b).  See Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992).

   1. Public's Interest in Expeditious Resolution

"'The public's interest in expeditious resolution of litigation always favors dismissal.'" Pagtalunan, 291 F.3d at 642.  Given Plaintiff's failure to prosecute her case for over seven years, this factor

weighs heavily in favor of dismissal.  See id.

### 2. Court's Need to Manage Docket

In light of Plaintiff's continuous and repeated violations of the orders of this Court, Plaintiff's failure to provide any explanation or excuse for Plaintiff's disobedience, and Plaintiff's unreasonably long seven-year delay, also without excuse, the Court finds that Plaintiff's delay "interferes with docket management and the public interest" in such management. Id.  As "[i]t is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants," this factor weighs in favor of dismissal.  Id.

### 3. Risk of Prejudice to Defendants

Prejudice may be established by the defendant's showing that the plaintiff's actions "impaired the defendant's ability to proceed to trial or threatened to interfere with the rightful decision of the case." Id.  Here, a seven-year delay implicitly "impair[s] the defendant's ability to proceed to trial."  But Defendants were not helpless, as Defendants in this Action were ordered along with Plaintiff to provide the Court with a status report within fourteen days of the conclusion of Plaintiff's criminal prosecution, but failed to do so.  See Apr. 26, 2006, Order, ECF No. 38.

The Ninth Circuit also "relate[s] the risk of prejudice to the plaintiff's reason for defaulting." Pagtalunan, 291 F.3d at 642-43.  Here, Plaintiff has

failed to provide any reason, reasonable or otherwise, for her failure to prosecute this Action. "Unnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will becomes stale" and thus inherently risks prejudice to the defendant. <u>Id.</u> at 643. Due to Plaintiff's unreasonable delay, this factor weighs in favor of dismissal. <u>Id.</u>

4. <u>Availability of Less Drastic Alternatives</u>

Despite Plaintiff's seven-year delay and blatant disregard of two Court orders [38, 39], the Court provided [46] Plaintiff with the opportunity to file a status report in February 2015 and put Plaintiff on notice[3] that Plaintiff's failure to timely file a status report could result in dismissal of the Action. Plaintiff failed to comply with the Court's February 2015 Order [46]. Still, the Court provided Plaintiff with one more opportunity [48] to show cause as to why this Action should not be dismissed. As discussed herein, Plaintiff's Response [51] fails to show sufficient cause. As such, this factor weighs in favor of dismissal.

5. <u>Public Policy Favoring Resolution on Merits</u>

"Public policy favors disposition of cases on the merits." <u>Pagtalunan</u>, 291 F.3d at 643. But when, as

---

[3] Plaintiff was given explicit notice of a possible dismissal for failure to comply with the Court's February 17, 2015, Order [46], which states that "[f]ailure to comply with this order may result in the dismissal of this action and/or sanctions."

7

here, a plaintiff fails to prosecute her claims for an unreasonable amount of time without excuse or explanation, other public policies, such as judicial economy and protection from harassing litigation, may outweigh the public policy favoring resolution of cases on the merits.  Furthermore, Plaintiff's unreasonable and unnecessary delay suggests that the merits of her claims are not worthy of much effort, and in such a case, the public policy favoring disposition on the merits should not weigh as heavily against dismissal. In light of Plaintiff's unreasonable delay, this factor does not weigh against dismissal.

Upon weighing the above five factors, the Court finds that dismissal under Rule 41(b) is appropriate due to Plaintiff's unreasonable delay in prosecuting this Action and Plaintiff's violations of three Court orders.  See Pagtalunan, 291 F.3d at 643; Yourish, 191 F.3d at 992.

### III. CONCLUSION

For the foregoing reasons, this Action is **HEREBY DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.**

DATED: May 20, 2015

RONALD S.W. LEW
**HONORABLE RONALD S.W. LEW**
Senior U.S. District Judge